UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-MC-23107-GOLD/GOODMAN

MICCOSUKEE TRIBE OF INDIANS
OF FLORIDA,

    Petitioner,
v.

UNITED STATES OF AMERICA

    Respondent.
_____/

## ORDER ON MOTION FOR PRE-HEARING DISCOVERY

THIS CAUSE is before the Undersigned upon the Miccosukee Tribe's Motion to Request Discovery and Evidentiary Hearing [ECF 19], which the Honorable Alan S. Gold referred to me [ECF 18 and 20].

Judge Gold directed the Undersigned to hold a discovery conference (if the Tribe were to file a motion for discovery, which it did, in ECF 19) "regarding the extent (if any), scope, and timing of discovery."

The Court held the discovery conference on January 4, 2011. Before doing so, the Court reviewed the Tribe's motion, the Tribe's separate memorandum in support of its motion [ECF 24] and the United States' response [ECF 25].

At the hearing, both parties acknowledged that the Court has broad discretion to either grant or deny the request for discovery before the evidentiary hearing scheduled by Judge Gold. *United States v. Harris*, 628 F.2d 875, 884 (5th Cir. 1980) ("we emphasize that the method and scope of discovery in

1

summons enforcement proceedings largely are committed to the discretion of the district courts"). In fact, the Tribe's counsel, in response to a question from the Court, advised that the Court would not abuse its discretion if it were to deny the request for pre-hearing discovery.

The Tribe alleges that the Government has an impermissible purpose in issuing the four summonses at issue. Those summonses, served on four financial institutions, requested records for tax year 2010. The Tribe alleges that the Internal Revenue Service is impermissibly using the summonses in an effort to pressure the Tribe to settle tax disputes. Moreover, it contends that the Government is unfairly and impermissibly singling it out for enforcement activity.

As support for these contentions, the Tribe points to three facts relating to the revenue officer (Agent Furnas) involved in the investigation: (1) the officer said that the Tribe and tax issues related to it and its members are a "project," (2) the officer testified, during an evidentiary hearing in an earlier challenge to related summonses concerning earlier tax years, that he uses the Miccosukee Tribe tax investigations in training, and (3) and the officer told other Tribe members that this is a "test case."

Given this background, the Court will exercise its discretion and permit the Tribe to take an abbreviated, limited purpose deposition of Agent Furnas. The deposition shall be by **telephone**[1] and shall last no more than one hour. The scope of the deposition will be limited to the three specific issues the Tribe pinpointed in its motion: (a) the breadth of the summonses, (b) the basis for

---

[1] In response to questions from the Court and objections about undue burden asserted by the Government, the Tribe's counsel himself suggested the telephone deposition format.

Agent Furnas' conclusion that the designated statutes apply to the Tribe "and thus provide the IRS with an alleged purpose to issue the summonses challenged in this case," and (c) the reasons for Agent Furnas' imposition of steep penalties to members.[2]

Given that Judge Gold has scheduled the evidentiary hearing for February 24, 2012, established a February 3, 2012 discovery cutoff and requires the filing of affidavits/declarations by February 17, 2012, the parties shall complete the limited-purpose, limited-duration telephone deposition of Agent Furnas by January 31, 2011.

**DONE and ORDERED**, in Chambers, in Miami, Florida, this 5th day of January, 2012.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**

The Honorable Alan S. Gold
All counsel of record

---

[2] The Tribe implies that the penalties were unduly steep because the IRS lacks a proper issue for the four new summonses.